## J. W. CUSHMAN & CO. v. THOMPSON.

(Supreme Court, Appellate Term. April 10, 1908.)

LANDLORD AND TENANT—COVENANTS FOR QUIET ENJOYMENT—BREACH.
  In an action for rent due under a lease containing a covenant for quiet enjoyment, it is a good defense that lessor rented other apartments in the building, and that the same were used by the occupants for immoral and illegal purposes, and that lessor, on being notified thereof and requested

to evict such disorderly occupants, neglected to do so, and suffered such occupants to continue to occupy the building.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 473–475.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by J. W. Cushman & Co. against Paul Thompson. From an order sustaining a demurrer to the answer, and a judgment entered against defendant, defendant appeals. Reversed, and demurrer overruled.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Morris H. Beall, for appellant.
Frank C. Mebane, for respondent.

PER CURIAM. The plaintiff sued for an installment of rent due under a lease. The defendant's answer recites a covenant of quiet enjoyment, and alleges that plaintiff, in violation of said covenant, "let and rented other apartments in said premises, and the same were used by the occupants thereof for immoral and illegal purposes, being the resort of bad characters, men and women." The answer further alleges that defendant notified plaintiff of such immoral and illegal use of said premises, and requested plaintiff to institute the necessary proceedings to evict such disorderly occupants, and "that plaintiff unlawfully neglected to institute such proceedings, or to cause said persons to be removed therefrom, but, on the contrary, suffered and permitted said tenants to continue to occupy a portion of said premises for immoral purposes," and that therefore defendant was evicted. If the allegations set forth in the answer are true, the conduct of the plaintiff in thus permitting the disorderly tenants to remain in the premises has supplied the defendant with a good and sufficient defense. Dyett v. Pendleton, 8 Cow. 727.

The judgment must be reversed, with costs, and the demurrer overruled, with leave to the plaintiff to try his action upon the merits, upon payment of costs.